UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MICHAEL REED
347 Ricky Cove
Ripley, Tennessee 38063

      Plaintiff,

v.

AMERICAN PHOENIX, INC.
800 Wisconsin Street
Eau Claire, Wisconsin 54703

      Defendant

Case No.: 18-cv-672

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Michael Reed, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Western District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Michael Reed, is an adult male resident of the State of Tennessee with a post office address of 347 Ricky Cove, Ripley, Tennessee 38063

5. Defendant, American Phoenix, Inc., was, at all material times herein, a commercial entity with a principal address of 800 Wisconsin Street, Eau Claire, Wisconsin 54703.

6. Defendant is an industrial rubber mixer and pre-weigh chemical packager.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees in the State of Wisconsin.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

**GENERAL ALLEGATIONS**

13. In approximately March 2004, Defendant hired Plaintiff as a Pre-Weigh Line Operator.

14. In approximately January 2010, Defendant gave Plaintiff the job title of Pre-Weigh Maintenance Manager.

15. During Plaintiff's employment with Defendant and in his position of Pre-Weigh Maintenance Manager, Plaintiff reported directly to Reggie Kirk, Plant Manager, who reported directly to Jeff Menard, Pre-Weigh Chemical Packaging Division Manager.

16. On or about July 11, 2018, Defendant terminated Plaintiff's employment.

17. From approximately March 2004 to January 2010, Defendant compensated Plaintiff on an hourly basis in his position as a Pre-Weigh Line Operator.

18. From approximately March 2004 to January 2010, Defendant's compensation classification of Plaintiff was "non-exempt" for purposes of the FLSA and WWPCL.

19. From approximately January 2010 to July 2018, Defendant compensated Plaintiff on a salary basis in his position as a Pre-Weigh Maintenance Manager.

20. From approximately January 2010 to July 2018, Defendant's compensation classification of Plaintiff was "exempt" for purposes of the FLSA and WWPCL.

21. During the entirety of Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant and at the direction of Defendant and/or with Defendant's knowledge at its plants (hereinafter simply "locations") throughout the United States, including but not limited to Defendant's locations in the States of Alabama, Kansas, North Carolina, Tennessee, Virginia, and Wisconsin.

22. During Plaintiff's employment with Defendant and in his position of Pre-Weigh Maintenance Manager, Plaintiff customarily and frequently travelled to Defendant's locations in the States of Alabama, Kansas, North Carolina, Virginia, and Wisconsin in order to perform compensable work in furtherance of his job duties and job responsibilities.

23. During Plaintiff's employment with Defendant as a Pre-Weigh Maintenance Manager and until approximately April 2017, Plaintiff primarily performed compensable work out of Defendant's Alabama location, in addition to travelling to Defendant's locations in the States of Alabama, Kansas, North Carolina, Virginia, and Wisconsin and performing compensable work at these locations.

24. Subsequent to April 2017, Plaintiff physically relocated to and resided in Tennessee, but continued to perform compensable work in the position of Pre-Weigh Maintenance Manager on behalf of Defendant at its other locations.

25. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff's primary job duty was performing manual labor.

26. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff's job duties and job responsibilities were the same as they were prior to January 2010 when Plaintiff performed work in the position of Pre-Weigh Line Operator.

27. During Plaintiff's employment with Defendant and in his position of Pre-Weigh Maintenance Manager, Plaintiff customarily and consistently performed compensable work between forty (40) to sixty (60) hours per workweek.

28. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff's primary job duty, on a daily and weekly basis, was the physical installation and maintenance of Defendant's machines and equipment at its locations throughout the United States.

29. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff customarily and frequently travelled to Defendant's locations in the States of Alabama, Kansas, North Carolina, Virginia, and Wisconsin for weeks or months at a time to physically install and maintain Defendant's machines and equipment.

30. During Plaintiff's employment with Defendant and when he travelled to Defendant's locations in furtherance of his job duties and responsibilities as Pre-Weigh Maintenance Manager, Plaintiff almost exclusively performed manual labor – specifically, physically installing and maintaining Defendant's machines and equipment – for the duration of the trip.

31. During Plaintiff's employment with Defendant and when he was not travelling to Defendant's locations in furtherance of his job duties and responsibilities as Pre-Weigh Maintenance Manager, Plaintiff primarily performed manual labor, on a daily and weekly basis, in his position of Pre-Weigh Maintenance Manager.

32. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager and on a daily basis, Plaintiff did not perform his job duties in an office setting.

33. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff did not customarily and regularly direct the work of at least two of Defendant's employees.

34. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff did not have the authority or ability to hire, terminate, suspend, demote, promote Defendant's employees or to establish the terms and conditions of employment of Defendant's employees.

35. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

36. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff's primary job duties did not directly relate to Defendant's management or general business operations.

37. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff did not, in the performance of his job duties, compare or evaluate possible courses of conduct and did not act or make decisions regarding matters of significance after considering various possibilities.

38. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff did not, in the performance of his job duties, have authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

39. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Plaintiff's job duties did not require advanced knowledge, prolonged or specialized intellectual instruction, or invention, imagination, originality, or talent.

40. During Plaintiff's employment with Defendant in his position of Pre-Weigh Maintenance Manager, Defendant had knowledge that Plaintiff frequently worked in excess of forty (40) hours per workweek.

41. During Plaintiff's employment with Defendant, Defendant compensated him on a bi-weekly basis via paycheck.

42. During Plaintiff's employment with Defendant, Defendant suffered or permitted him to work without appropriately and lawfully compensating him at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

43. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek.

44. Defendant knew or should have known that Plaintiff must be compensated with overtime pay at a rate of time and one half for all hours worked (and for all hours Defendant suffered or permitted him to work) in excess of forty (40) hours in a workweek in accordance with the FLSA and the WWPCL.

45. Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

46. Defendant owes Plaintiff earned and unpaid wages, including at an overtime rate of pay, for work performed during his employment with it for which she was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**

47. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

48. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

50. During the entirety of his employment with Defendant, Plaintiff's primarily performed non-exempt duties in his position of Pre-Weigh Maintenance Manager and, thus, was entitled to overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

51. Defendant violated the FLSA by failing to compensate Plaintiff with overtime premium pay of time and one half for each hour worked in excess of forty (40) hours in a workweek.

52. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed, including at the correct overtime rate of pay, was willfully perpetrated. Defendant did not act in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay

overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

53. As a result of the aforesaid violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

54. Plaintiff is entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

55. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS

56. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

58. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

59. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

60. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in workweeks for which he was not compensated at an overtime rate of pay for all hours worked in excess of forty (40) per workweek.

61. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for all hours worked, including at an overtime rate of pay.

62. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay for all hours worked in excess of forty (40) per workweek..

63. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

64. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

65. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to overtime wages and pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff any other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 13th day of August, 2018

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *James A. Walcheske***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com